**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT (SBN 321222)
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA FREDERICK, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br>v.<br><br>PERRIGO COMPANY,<br><br>Defendant. | Case No: **'22CV1333 L    WVG**<br>CLASS ACTION<br>**COMPLAINT FOR VIOLATIONS OF:**<br>**CAL. CIV. CODE §§ 1750 *ET SEQ*.;**<br>**CAL. BUS. & PROF. CODE §§17500 *ET SEQ*.;**<br>**CAL. BUS. & PROF. CODE §§17200 *ET SEQ*.;**<br>**FOR BREACH OF EXPRESS & IMPLIED WARRANTIES;**<br>**FOR INTENTIONAL & NEGLIGENT MISREPRESENTATION; AND**<br>**UNJUST ENRICHMENT.**<br>DEMAND FOR JURY TRIAL |

  Plaintiff Chelsea Frederick, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, brings this action against Perrigo Company ("Perrigo") and alleges the following upon her own personal knowledge or, where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## SUMMARY OF CASE

1. Perrigo is the manufacturer and seller of Burt's Bees Infant Formulas,[1] which it represents make a certain number of bottles (the "Burt's Bees Formulas"). However, following the instructions on the label results in fewer bottles than Perrigo promises, short-selling the consumer.

2. For example, the 34 oz. Ultra Gentle label says that it "Makes 63 4 Fl Oz Bottles." That representation is false, however, because following the back-label "FEEDING CHART," which explains how to make a "4 fl oz bottle," yields only 56 4-oz. bottles—not 63 (a nearly 12% difference).

3. Plaintiff brings this action to enjoin Perrigo from continuing to falsely advertise the Burt's Bees Formulas in this manner, and to recover restitution and damages for herself and other purchasers.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from Perrigo. In addition, more than two-thirds of the members of the class reside in states other than the state in which Perrigo is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5. The Court has personal jurisdiction over Perrigo pursuant to Cal. Code Civ. P. § 410.10, as a result of Perrigo's substantial, continuous and systematic contacts with the state and because Perrigo has purposely availed itself of the benefits and privileges of conducting business activities within the state, including by distributing and selling the Burt's Bees Formulas in California.

6. Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Perrigo resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

---

[1] These include sub-brands "Ultra Gentle," "Infant Milk," and "Sensitive."

1

*Frederick v. Perrigo Company*
CLASS ACTION COMPLAINT

## PARTIES

7. Plaintiff Chelsea Frederick is a resident of San Diego, California.

8. Defendant Perrigo is a Michigan corporation with its principal place of business in Allegan, Michigan.

## FACTS

9. Perrigo is a global manufacturer of many different products, including its Burt's Bees infant formulas.

10. Perrigo manufactures, markets, and sells each of the three sub-brands of the Burt's Bees Formulas in 34 oz container sizes.[2] The Burt's Bees Formulas are not ready-to-use; instead, the purchaser must first mix with water, using an enclosed scoop provided by Perrigo and following specific directions on the label, before feeding to an infant.

11. On each package of Burt's Bees Formula, Perrigo claims the product makes a certain number of bottles of prepared formula. These statements are false or misleading because—given the dilution instructions set forth on the back panel of each Burt's Bees Formula—the number of bottles Perrigo represents each product makes is not what each product actually makes when mixed with water according to Perrigo's own instructions, and thus the value is not what Perrigo represents.

12. An example of the challenged Burt's Bees Ultra Gentle packaging is shown below.

[this space intentionally left blank]

---

[2] Perrigo also markets and sells the same sub-brands in 23.3 oz containers. However, at this time, Plaintiff is unaware whether the 23.3 oz product labels make any "Makes" a certain number of bottles claims.



13. The promised number of bottles and the mixing instructions are the same for each of the 34 oz Burt's Bees Formula sub-brands.

14. As shown, a 34 oz container of Burt's Bees Ultra Gentle promises to make "63 [4 fl oz] Bottles." The on-label "FEEDING CHART" says in order make a ready-for-feeding "4 fl oz bottle," start with 4 fl oz of water, and then "us[ing the] scoop enclosed," add "2 unpacked level scoops (17.2g)." However, contrary to Perrigo's representation, following these instructions yields only *56* 4-ounce bottles, not 63. Thus,

3

*Frederick v. Perrigo Company*
CLASS ACTION COMPLAINT

1  consumers can make only approximately 88% of the bottles Perrigo promised.

2  15.    Perrigo consistently employs this misleading practice across the challenged products.

3  16.    Because the Burt's Bees Formulas are typically used over the course of several days or weeks, consumers are unlikely to notice the discrepancy through normal use of the Burt's Bees Formulas.

17.    Additionally, some of the larger packages of Burt's Bees Formula also promise to make 46% more compared to the smaller, 23.2 oz sized versions of the same type of powder formula. These statements are false or at least highly misleading because following the dilution instructions set forth on the back panel of each Burt's Bees Formula, those larger packages do not yield the promised number of additional prepared bottles of formula. Thus, the value is not what Perrigo represents.

**PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY**

18.    In June 2022, Plaintiff Chelsea Frederick purchased, on two occasions, Burt's Bees Infant Milk in packaging bearing the challenged bottle representations, from Amazon. In purchasing the Burt's Bees Infant Milk, Plaintiff relied on statements on the products' labels representing the number of bottles the containers would make.

19.    Those representations were false, however, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably because, as described herein, the Burt's Bees Formulas *do not* yield the number of bottles promised when following the preparation instructions provided and set forth on the product's back label.

20.    By representing the number of bottles Plaintiff was supposedly buying, Perrigo implicitly also represented the product's value to Plaintiff. That representation, however, was false because, based on Perrigo's preparation instructions, the Burt's Bees Formulas were under-filled, such that Plaintiff received a different and substantially lesser value—one with a higher cost—than Perrigo represented. Accordingly, Plaintiff did not obtain the benefit of her bargain and her expectations were not met.

21.    In addition, Plaintiff paid substantially more than the market value represented by the price she and Perrigo bargained for. Like other consumer Class members, Plaintiff bargained with Perrigo on a particular market value for a certain number of bottles of infant formula made by mixing the powder with water as instructed. But because Perrigo only delivered a portion of those bottles, Plaintiff paid a price-per-bottle that was significantly higher than reflected in the market price to which she and Perrigo agreed, and

received an amount of bottles that was lower than Perrigo promised. For these reasons, the Powder Formulas Plaintiff purchased were worth less than what she paid for them.

22. By falsely representing the number of bottles provided, and thereby the products' value, Perrigo obtained enhanced negotiating leverage allowing it to command a price Plaintiff and other Class members would not have paid had they been fully informed.

23. The Burt's Bees Formulas cost more than similar products without misleading labeling, and would have cost less absent the false and misleading statements complained of herein.

24. Absent the false and misleading labeling complained of herein, Plaintiff and other Class members would only have been willing to pay less for the Burt's Bees Formulas.

25. By use of its misleading labeling, Perrigo created increased marketplace demand for the Burt's Bees Formulas, and increased its market share relative to what its demand and share would have been had Perrigo labeled the Burt's Bees Formulas truthfully.

26. Plaintiff and other Class members lost money as a result of Perrigo's deceptive claims and practices in that they did not receive what they paid for when purchasing the Burt's Bees Formulas, which were underfilled. Plaintiff and other Class members detrimentally altered their position and suffered damages in an amount of the under-filled portion of their Burt's Bees Formula purchases.

27. Because infant formula is usually only needed for the first year of a child's life, after which many consumers will no longer be in the market for the Burt's Bees Formulas, Perrigo's conduct is capable of repetition yet evading review.

28. The duration of the harm to Plaintiff and other Class members is too short to be fully litigated before the harm ceases and there is a reasonable expectation that the harm will occur again if Perrigo remains free to market the Burt's Bees Formulas as capable of making more bottles than each package actually makes when following the on-label instructions for preparing formula.

29. Without prospective injunctive relief requiring Perrigo to label the products in a truthful manner, consumers will be unable to determine whether a future label bearing similar claims is valid, or whether Perrigo has simply resumed misleading behavior, and thus will be unable to decide, fully informed, how best to spend their money.

30. Plaintiff continues to regularly shop at stores where the Burt's Bees Formulas are sold. The

continued use of the challenged claims on the products labeling threatens to repeatedly infringe upon Plaintiff's substantive rights, under California's consumer protection statutes, to be free from fraud in the marketplace.

31. Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

32. While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons who, on or after September 6, 2018 (the "Class Period"), purchased in California for personal or household use and not for resale or distribution, Burt's Bees "Ultra Gentle," "Infant Milk," or "Sensitive" powder infant formulas in packaging whose label stated that the product makes any specified number of bottles.

33. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

34. Questions of law and fact common to Plaintiff and the Class include:

   a. whether mixing according to the instructions on the back label of the Burt's Bees Formulas yields the specified number of bottles promised on the label;

   b. whether the claimed "Makes 63 4 fl oz Bottles" was material to purchasers;

   c. whether a reasonable consumer believes that "Makes 63 4 fl oz Bottles" means the product will make that amount of bottles when following the back label mixing instructions;

   d. whether Perrigo's conduct violates public policy;

   e. the proper amount of damages, including punitive damages;

   f. the proper amount of restitution;

   g. the proper scope of injunctive relief, including corrective advertising and recall from the marketplace; and

   h. the proper amount of attorneys' fees.

35. These common questions of law and fact predominate over questions that affect only individual Class members.

36. Plaintiff's claims are typical of Class members' claims because they are based on the same

underlying facts, events, and circumstances relating to Perrigo's conduct. Specifically, all Class members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Burt's Bees Formulas, and suffered economic injury because the products are misrepresented in the same manner. Absent Perrigo's business practice of deceptively and unlawfully labeling the Burt's Bees Formulas, Plaintiff and other Class members would have paid less for the Burt's Bees Formulas.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising.

38. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

39. Perrigo has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

40. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750** *et seq.*

41. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

42. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

43. Perrigo's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of Perrigo's Burt's Bees Formulas for personal, family, or household purposes by Plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

    a. § 1770(a)(5): Representing that goods or services have characteristics, ingredients,

uses, benefits, or quantities which they do not have;

  b. § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

  c. § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

  d. § 1770(a)(16): Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

44. Perrigo profited from its sales of the falsely, deceptively, and unlawfully advertised Burt's Bees Formulas to unwary consumers.

45. Perrigo's wrongful business practices regarding the Burt's Bees Formulas constituted, and constitute, a continuing course of conduct in violation of the CLRA.

46. Pursuant to California Civil Code § 1782, more than 30 days before filing this lawsuit, Plaintiff sent written notice of her claims and Perrigo's particular violations of the Act to Perrigo by certified mail, return receipt requested, but Perrigo has failed to implement remedial measures.

47. As a result, Plaintiff and the Class have suffered harm, and therefore seek (a) actual damages resulting from purchases of the Burt's Bees Formulas sold throughout the Class Period to all Class Members, (b) punitive damages, (c) injunctive relief in the form of modified advertising and a corrective advertising plan, (d) restitution, and (e) attorneys' fees and costs. *See* Cal. Civ. Code § 1782(d).

48. In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue is filed concurrently herewith.

49. Because these claims are subject to a three-year statute of limitations, while Plaintiff's claims for restitution under the UCL are subject to a four-year statute of limitations, and because Plaintiff's claims under the UCL's "unfair" and "unlawful" prongs are subject to different elements and standards, Plaintiff's legal remedies under the CLRA are inadequate to fully compensate Plaintiff for all of Perrigo's challenged behavior.

### SECOND CAUSE OF ACTION

**Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.***

50. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

51. Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

52. As alleged herein, the advertisements, labeling, policies, acts, and practices of Perrigo relating to its Burt's Bees Formulas misled consumers acting reasonably as to the amount of bottles on could make following the directions for mixing.

53. Plaintiff suffered injury in fact as a result of Perrigo's actions as set forth herein because Plaintiff purchased Burt's Bees Formulas in reliance on Perrigo's false and misleading marketing claims that the products "Makes" a specified number of bottles, when following the instructions on the back panel, as instructed and advertised by Perrigo.

54. Perrigo's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Perrigo has advertised the Burt's Bees Formulas in a manner that is untrue and misleading, which Perrigo knew or reasonably should have known.

55. Perrigo profited from its sales of the falsely and deceptively advertised Burt's Bees Formulas to unwary consumers.

56. As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to injunctive and equitable relief and restitution.

57. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and restitution is not limited to returning to Plaintiff and Class members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate. Moreover, Plaintiff challenges more labeling statements as violating the FAL than they do as breaching Perrigo's warranties, such that her legal remedies under the commercial code are inadequate.

## THIRD CAUSE OF ACTION

**Violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.***

58. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

59. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

60. The acts, omissions, misrepresentations, practices, and non-disclosures of Perrigo as alleged herein constitute business acts and practices.

### Fraudulent Prong

61. A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

62. As set forth herein, the Perrigo's labeling claims relating to the number of bottles Burt's Bees Formulas make and the value they represent are likely to deceive reasonable consumers and the public.

### Unlawful Prong

63. The acts alleged herein are "unlawful" under the UCL in that they violate at least the CLRA and FAL.

64. Because Plaintiff's claims under the "unlawful" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, plaintiff's legal remedies are inadequate to fully compensate plaintiff for all of Perrigo's challenged behavior.

### Unfair Prong

65. Perrigo's conduct with respect to the manufacturing, labeling, advertising, and sale of the Burt's Bees Formulas is unfair because Perrigo's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

66. Perrigo's conduct with respect to the manufacturing, labeling, advertising, and sale of the Burt's Bees Formulas was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law.

67. Perrigo's conduct with respect to the manufacturing, labeling, advertising, and sale of the

Burt's Bees Formulas was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

68. Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Perrigo's challenged behavior.

\*         \*         \*

69. Perrigo profited from its sale of the falsely, deceptively, and unlawfully advertised Burt's Bees Formulas to unwary consumers.

70. Plaintiff and other Class Members are likely to be damaged by Perrigo's deceptive trade practices, as Perrigo continues to disseminate, and is otherwise free to continue to disseminate false and misleading information. Thus, injunctive relief enjoining its deceptive practices is proper.

71. Perrigo's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members, who have suffered injury in fact as a result of Perrigo's fraudulent, unlawful, and unfair conduct.

72. In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Perrigo from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

73. Plaintiff, on behalf of herself and the Class also seeks an order for the restitution of all monies from the sale of the Burt's Bees Formulas that Perrigo unjustly acquired through acts of unlawful competition.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty, Cal. Com. Code § 2313(1)

74. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

75. Through the Burt's Bees Formula labels, Perrigo made affirmations of fact or promises, or description of goods, that, *inter alia*, the products make a certain number of bottles (or a certain number of additional bottles as compared to a smaller package of the same product) when following the preparation instructions provided. These representations were part of the basis of the bargain, in that Plaintiff and the

Class purchased the Burt's Bees Formulas in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

76. Perrigo breached its express warranties by selling Burt's Bees Formulas that do not make the total number of bottles promised and do not make the promised number of additional bottles when compared to smaller packages of the same product.

77. That breach actually and proximately caused injury in the form of the lost purchase price, or some portion thereof, that Plaintiff and Class members paid for the Burt's Bees Formulas.

78. Plaintiff gave Perrigo notice of the breach prior to filing the lawsuit, but Perrigo failed to remedy the breach.

79. As a result, Plaintiff seeks, on behalf of herself and the Class, actual damages arising as a result of Perrigo's breaches of express warranty, including without limitation, their expectation damages.

80. Because the UCL and FAL apply to a broader set of business practices than the California Commercial Code, Plaintiff's legal remedies under the Commercial Code are inadequate to fully address all of Perrigo's challenged behavior.

## FIFTH CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314**

81. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

82. Perrigo, through its acts set forth herein, in the sale, marketing, and promotion of the Burt's Bees Formulas, made representations to Plaintiff and the Class that, among other things, the products yield the number of bottles promised when prepared according to the instructions provided.

83. Perrigo is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

84. However, Perrigo breached that implied warranty in that the Burt's Bees Formulas do not make the number of bottles promised.

85. As an actual and proximate result of Perrigo's conduct, Plaintiff and other Class members did not receive goods as impliedly warranted by Perrigo to be merchantable in that they did not conform to

12
*Frederick v. Perrigo Company*
CLASS ACTION COMPLAINT

promises and affirmations made on the container or label of the goods.

86. Plaintiff gave Perrigo notice of the breach prior to filing the lawsuit, but Perrigo failed to remedy the breach.

87. Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Burt's Bees Formulas' purchase prices, or some portion thereof.

88. Because the UCL and FAL apply to a broader set of business practices than the California Commercial Code, Plaintiff's legal remedies under the Commercial Code are inadequate to fully address all of Perrigo's challenged behavior.

## SIXTH CAUSE OF ACTION

### Intentional Misrepresentation

89. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

90. Perrigo marketed the Burt's Bees Formulas in a manner indicating that they contain enough powdered formula to make a specific number of bottles. However, the Burt's Bees Formulas cannot make the represented number of bottles. Therefore, Perrigo has made misrepresentations about the Burt's Bees Formulas.

91. Perrigo's misrepresentations regarding the Burt's Bees Formulas are material to a reasonable consumer because they relate to the number of bottles the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

92. At all relevant times when such misrepresentations were made Perrigo knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

93. Perrigo intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Burt's Bees Formulas' packaging by Perrigo.

94. Plaintiff and members of the Class have reasonably and justifiably relied on Perrigo's intentional misrepresentations when purchasing the Burt's Bees Formulas, and had the correct facts been

known, would not have purchased them at the prices at which they were offered.

95. Therefore, as a direct and proximate result of Perrigo's intentional misrepresentations, Plaintiff and members of the Class have suffered economic losses and other general and specific damages, in the amount of the Burt's Bees Formulas' purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

### Negligent Misrepresentation

96. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

97. Perrigo marketed the Burt's Bees Formulas in a manner indicating that they contain enough powdered formula to make a specific number of bottles. However, the Burt's Bees Formulas cannot make the represented number of bottles. Therefore, Perrigo has made misrepresentations about the Burt's Bees Formulas.

98. Perrigo's misrepresentations regarding the Burt's Bees Formulas are material to a reasonable consumer because they relate to the number of bottles the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

99. At all relevant times when such misrepresentations were made, Perrigo knew or had been negligent in not knowing that the Burt's Bees Formulas did not contain enough powdered formula to make the promised number of bottles. Perrigo had no reasonable grounds for believing its misrepresentations were not false and misleading.

100. Perrigo intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Burt's Bees Formulas' packaging by Perrigo.

101. Plaintiff and members of the Class have reasonably and justifiably relied on Perrigo's intentional misrepresentations when purchasing the Burt's Bees Formulas, and had the correct facts been known, would not have purchased them at the prices at which they were offered.

102. Therefore, as a direct and proximate result of Perrigo's negligent misrepresentations, Plaintiff

and members of the Class have suffered economic losses and other general and specific damages, in the amount of the Burt's Bees Formulas' purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

103. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as though fully set forth herein.

104. By its wrongful acts described herein, Perrigo was unjustly enriched at the expense of Plaintiff and other Class members.

105. It would be inequitable for Perrigo to retain the profits, benefits, and other compensation obtained from its wrongful conduct.

106. Plaintiff, on behalf of herself and other Class members, seeks restitution from Perrigo, and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained through its wrongful conduct.

## PRAYER FOR RELIEF

107. Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Perrigo as to each and every cause of action, and the following remedies:

   a. an Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing her undersigned counsel as class counsel;

   b. an Order requiring Perrigo to bear the cost of class notice;

   c. an Order enjoining Perrigo from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

   d. an Order compelling Perrigo to conduct a corrective advertising campaign;

   e. an Order compelling Perrigo to recall and destroy all misleading and deceptive advertising materials and product labels;

   f. an Order requiring Perrigo to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

   g. an Order requiring Perrigo to pay restitution to restore all funds acquired by means of

any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

  h. an Order requiring Perrigo to pay all actual, statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

  i. pre- and post-judgment interest;

  j. an award of attorneys' fees and costs; and

  k. any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 6, 2022    /s/ Jack Fitzgerald

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***